# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

SONIA VALLECILLOS,

    Plaintiff,

v.

ANN TAYLOR STORE #2080, et. al.,

    Defendants.

2:10-cv-00910-PMP-LRL

**O R D E R**

    Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#2). The information provided in the Application indicates that *in forma pauperis* status is not warranted. Accordingly, her request to proceed *in forma pauperis* will be denied. Further, while the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

    Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff filed her Complaint against Ann Taylor Store #2080 and Emeral Lopez, store manager, using the court's § 1983 civil rights complaint form. The substance of plaintiff's allegations reveals, however, that plaintiff is not alleging a civil rights violation under § 1983. Rather, the Complaint alleges that one day, when plaintiff was called into work, she was accused of "giving discounts to clients, taking money from the register, and cutting merchandise labels inside fitting rooms." She denied the accusations and was told to go home. Later, the store manager called and told plaintiff that she was fired. Plaintiff does not establish that the allegations are traceable to the state such that § 1983 applies. *See Blum v. Yaretsky*, 457 U.S. 991, 1002-12 (1982) (private persons who are not government officials may be sued under § 1983, but they and their actions must be very closely tied to the government in order to be considered "acting under color of state law"). Plaintiff does not assert any other legal grounds for relief. Hence, plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. *See* Rule 12(b)(6). See Fed. R. Civ. P. 12(b)(6). Plaintiff will, however, be given an opportunity to cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#2) is DENIED.

IT IS FURTHER ORDERED that plaintiff shall pay the appropriate filing fee of $350 no later than September 22, 2010 or her case may be dismissed.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by September 22, 2010 or her case may be dismissed.

DATED this 23rd day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**